IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3078-D

RODGER V. HANSON,  )
            )
        Plaintiff,  )
            )
    v.       )       **ORDER**
            )
DR. ROBERT OWENS,   )
            )
        Defendant.  )

Rodger Hanson, a state inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights [D.E. 1]. Hanson alleges that he suffers from a condition known as hidradenitis suppurativa and that defendant Owens refuses to provide adequate treatment. Compl. [D.E. 1] 8–14. Hanson proceeds in forma pauperis [D.E. 6]. On October 9, 2014, the court reviewed Hanson's complaint pursuant to 28 U.S.C. § 1915A and allowed it to proceed, but denied Hanson's request for appointed counsel [D.E. 7].

On January 22, 2015, defendant answered the complaint [D.E. 23] and moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E. 21]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Hanson about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 24]. On February 10, 2015, the court denied Hanson's renewed request for appointed counsel and motion to compel discovery, and directed defendant to serve Hanson with a copy of every unpublished case cited in his memorandum [D.E. 27]. The court also extended Hanson's time to respond to the motion to dismiss. Id. On March 9, 2015, Hanson filed a "motion to provide legal access" [D.E. 29]. On March 16, 2015, Hanson responded in opposition to the motion to dismiss [D.E. 30]. As explained below, the court denies the pending motions.

I.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips, 572 F.3d at 180. Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676–77; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Deliberate indifference to a prisoner's serious medical needs violates his Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prove such a claim, Hanson must "demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious

medical needs' (objective).'" Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). Denial of or delay in providing medical treatment to a prisoner violates the prisoner's Eighth Amendment rights only if the prison official knew of and disregarded an objectively serious condition, medical need, or risk of harm. See, e.g., Sosebee v. Murphy, 797 F.2d 179, 182–83 (4th Cir. 1986). A prisoner, however, is not entitled to choose his course of treatment. See Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam) (unpublished); Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle, 429 U.S. at 105–06.

The court first addresses Owens's argument that the Eleventh Amendment bars any official-capacity claim for monetary damages. Mem. Supp. Mot. Dismiss [D.E. 22] 15–16. In opposition to Owens's motion, Hanson notes that to get an injunction one must sue in an official capacity, but that "to get compensatory and punitive damages one must sue in an individual capacity." [D.E. 30] 5–6.

Owens correctly notes that the Eleventh Amendment would bar an official-capacity claim for monetary damages. See Hafer v. Melo, 502 U.S. 21, 25–27 (1991); cf. Will v. Mich. Dep't of State Police, 491 U.S. 58, 63–71 (1989). However, Hanson only seeks prospective injunctive relief against Owens in his official-capacity suit. Thus, to the extent Owens seeks to dismiss the suit against him in his official capacity, the motion is denied. See, e.g., Will, 491 U.S. at 71 n.10.

The court has considered the remainder of Owens's motion to dismiss under the governing standard. Hanson has adequately set forth his claim. The court has considered the cases Owens cites, and finds they do not warrant dismissal of the action at this juncture. Because the court declines to dismiss Hanson's section 1983 claims, the court also declines to dismiss his requests for

3

injunctive relief and punitive damages.

Alternatively, Owens asserts that he is entitled to qualified immunity. Mem. Supp. Mot. Dismiss 17–19. The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Taylor v. Barkes, No. 14-939, 2015 WL 2464055, at *2 (U.S. June 1, 2015) (per curiam); City & Cnty. of San Francisco v. Sheehan, 135 S. Ct. 1765, 1774 (2015); Carroll v. Carman, 135 S. Ct. 348, 350 (2014) (per curiam); Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986); see Taylor, 2015 WL 2464055, at *2; Sheehan, 135 S. Ct. at 1774; Carroll, 135 S. Ct. at 350; Stanton v. Sims, 134 S. Ct. 3, 4–5 (2013) (per curiam).

The court must ask two questions to determine whether qualified immunity applies. See, e.g., Reichle, 132 S. Ct. at 2093; Pearson v. Callahan, 555 U.S. 223, 232 (2009); Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011); Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010); Unus v. Kane, 565 F.3d 103, 123 & n.24 (4th Cir. 2009); Miller v. Prince George's Cnty., 475 F.3d 621, 626–27 (4th Cir. 2007). Courts have discretion about which question to address first. Pearson, 555 U.S. at 236. The court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." Id. at 232. The court also must determine "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. (quotation omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that

4

every reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011) (alterations and quotations omitted). The United States Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id.; see Reichle, 132 S. Ct. at 2093. Thus, defendants are entitled to summary judgment on qualified immunity grounds if the answer to either question is "no." See, e.g., Reichle, 132 S. Ct. at 2093; al-Kidd, 131 S. Ct. at 2080; Miller, 475 F.3d at 627; Bostic v. Rodriguez, 667 F. Supp. 2d 591, 606 (E.D.N.C. 2009).

The record precludes a determination of qualified immunity at this time. On a more fully developed record, defendant may reassert this defense.

As for Hanson's motion to provide legal access [D.E. 29], Hanson seeks "access to a law library and a photo copier so that he may proceed to pursue his case in a way that is in accordance with his Constitutional rights." [D.E. 29] 1–2. "The federal courts uniformly have held that even an indigent, imprisoned litigant must bear his own costs of litigation." Tuvalu v. Woodford, No. CIV S-04-1724 DFL KJM P, 2006 WL 3201096, at *4 (E.D. Cal. Nov. 2, 2006) (unpublished) (collecting cases), report and recommendation adopted, 2008 WL 2774571 (E.D. Cal. July 15, 2008) (unpublished). Although Hanson "has a constitutionally protected right of access to the courts," that right does not extend to "the right of access to the internet for research." Id. Moreover, Hanson has not demonstrated that he lacks any alternative means for presenting his evidence. Thus, the court denies the motion. See, e.g., Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993).

II.

In sum, the court DENIES defendant's motion to dismiss [D.E. 21] and plaintiff's motion to provide legal access [D.E. 29] and REFERS the action to Magistrate Judge Robert B. Jones, Jr.

5

for entry of a scheduling order to include a brief period of discovery. The court informs Hanson that discovery materials, including requests for documents, are not to be filed with the court unless by court order or for use in the proceedings, such as to support a motion to compel. Local Civil Rule 26.1(a). Thus, Hanson will need to submit any discovery requests directly to counsel for defendant. The parties should not expect any continuances of the deadlines in the scheduling order.

SO ORDERED. This 10 day of June 2015.

JAMES C. DEVER III
Chief United States District Judge